THOMAS W. YEASKY AND EILEEN YEASKY, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF LISA YEASKY, AN INFANT, PLAINTIFFS, v. RELIANCE INSURANCE COMPANIES, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

May 31, 1983.

Kathleen A. Mulvey, for plaintiff (Kenneth J. Fost, attorney).

Amedeo C. Jacovino, for defendant (D'Alessandro, Sussman, Jacovino & Mahoney, attorneys).

## OPINION

O'NEIL, J.S.C.

Plaintiff in this non-jury case seeks recovery of personal injury protection (PIP) benefits under *N.J.S.A.* 39:6A–4 on account of income lost not by the injured child, but by her

mother who remained home to care for her. Such a claim is not mentioned in any reported case. No testimony was taken, since the parties stipulated the few relevant facts.

On September 13, 1981 Lisa Yeasky, the 14-year old daughter of the insured plaintiff, Thomas Yeasky, suffered injuries in an automobile accident and required constant care from that date to March 29, 1982. Except during the unspecified time she spent in a hospital, the care was rendered at home by her mother, plaintiff Eileen Yeasky, who consequently lost her job with the Bloomfield Board of Education. Because the family was thus deprived of the income from the mother's employment, plaintiff's counsel argues for payment of income continuation benefits (*N.J.S.A.* 39:6A–4(b)), relying on *Greenberg v. Great American Insurance Co.,* 146 *N.J.Super.* 69 (Law Div.1976). Alternatively, recovery is suggested for loss of essential service benefits rendered by the mother.

■ Defendant resists both approaches on the ground that the personal injury protection benefits here involved are intended to replace either the income or the services which had previously been provided by the injured person, and not those later rendered by another family member to the injured person. This is a correct reading of the plain language of the statute.

*P.L.*1972, c. 70, sec. 4 (*N.J.S.A.* 39:6A–4) in its first paragraph mandates PIP payments to three classes of persons, (1) a named insured or any member of his family residing in his household "who sustained bodily injury" as a result of an automobile accident; (2) other persons "sustaining bodily injury" while occupying the insured's automobile or using it with his permission; and (3) pedestrians "sustaining bodily injury" caused by the insured's automobile or an object propelled from it. Clearly, therefore, such benefits are payable only to an injured person, and not to an uninjured member of the family.

The income continuation benefits provided by subsection b are to cover "the loss of income of an income producer as a result of bodily injury disability", necessarily referring only to the disabil-

ity of an income producer. Essential service benefits are provided by subsection c to reimburse for "such substitute essential services ordinarily performed *by the injured person . . .*" [emphasis supplied].

■ The policy issued by defendant is in evidence, but its language provides no benefit beyond those mandated by statute. Section I of its New Jersey basic personal injury protection endorsement provides for the payment of basic PIP benefits including income continuation benefits and essential service benefits and defines essential service benefits as being payable "to an eligible injured person as reimbursement for payments made to others for substitute essential services of the type actually rendered during his lifetime and which he would ordinarily have performed not for income but for the care and maintenance of himself and his relatives". Income continuation benefits are similarly defined as providing "for the loss of income of an income producer during his lifetime as a result of bodily injury disability". There is thus nothing in the policy's language which enlarges the carrier's obligation beyond that imposed by the statute.

Plaintiff's reliance on *Greenberg v. Great American Insurance Co., supra,* is misplaced. The inquiry there was directed at the relation between the prior and later income of the injured person himself.

Defendant has no obligation to pay either income continuation benefits or essential service benefits on account of the daughter's injuries.